## BURNS CONSTRUCTION CO v TRADLER CONTRACTING CO

Ohio Appeals, 2nd Dist, Franklin Co

No. 2023. Decided Sept 30, 1931

W. S. Pealer, Columbus, for plaintiff in error.

O. R. Crawfis, Columbus, for defendant in error.

KUNKLE, J.

In brief, defendant in error claimed damages as above stated in the sum of $2025.00. This damage consisted of different items, namely, the amount spent for repairing the conveyor which it is claimed was damaged through the negligence of the agent and employee of plaintiff in error; the additional amount which it is claimed will be necessary to further expend on such conveyor; the cost of a new conveyor belt and the depreciation in the value of such conveyor by reason of the collision of the truck of plaintiff in error with such conveyor.

On page 23, 27 and other portions of the record there is testimony in detail tending to show that the extent of the depreciation in the value of this conveyor by reason of the collision in question.

On page 27 of the record the witness testifies that this conveyor was worth $1000.00 less after the collision than it was before the collision. In other words the conveyor has been depreciated in value by reason of such collision in the sum of $1000.00. It does not clearly appear from the testimony whether the witness meant to include the $325.00 which would be re-

quired to purchase a new belt, or whether the $1000.00 simply related to the depreciation in the value of the conveyor.

As above stated the finding of the jury on the issues joined was a general finding in favor of defendant in error and the damage awarded it was in the sum of $1000.00. We can not say from the record that the jury awarded the defendant in error any amount for the loss of the use of the machine. There is ample testimony in the record which, if believed by the jury, would warrant a finding in favor of the defendant in error in the sum of $1000.00 without the allowance of any mount for the loss of the use of the machine for the three days in question.

It is therefore unimportant to determine whether the court should or should not have charged more fully upon the question of the loss of the use of this machine.

We think the reasoning found in the case of **Sits vs. Haverstick, 23 Oh St, page 626,** and also the reasoning found in the case of **Ochsner, Admr., v. The Cincinnati Traction Company, 107 Oh St p. 33,** has some application to the case at bar.

It is true the above decisions relate to cases in which there were different issues raised by the pleadings, whereas in the case at bar there are different items of alleged damage arising out of the one issue raised by the pleadings. As above indicated we think the reasoning found in the decisions cited has some application to the case at bar.

The court on page 133 of the record did charge upon this general subject. Counsel for plaintiff in error claim that the charge upon this general subject should have been more full and complete.

If there was therefore any error in the charge as given it would be an error of omission rather than commission.

At the conclusion of the court's charge as found on page 134 of the record, the following appears:

"The Court: Is there anything that counsel for defendant desires the Court to say to the jury in addition to what has been alreay said?

"Mr. Pealer: I think you have covered everything.

"The Court: All right, members of the jury, you may now reitre."

If counsel for plaintiff in error desired any further charge upon the loss of the use of the machine, we think under the state of the record it was incumbent upon counsel for plaintiff in error to make this request

for such additional charge.

From a consideration of the entire record we find no error therein which we consider prejudicial to plaintiff in error, or which in our judgment would warrant a reviewing court in reversing the judgment of the lower court.

The judgment will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.